IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADT SECURITY SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SIM-G TECHNOLOGIES, LLC, )<br>)<br>Defendant. )<br>) | Case No. 1:08-cv-00206<br>Judge Walton |

**ANSWER AND COUNTERCLAIM**

SIM-G TECHNOLGIES, LLC (hereinafter referred to as "Sim-G") by its attorneys, Jerry William Boykin, Womble Carlyle Sandridge & Rice, PLLC hereby files this Answer to the Complaint of Plaintiff ADT Security Services, Inc. (hereinafter referred to as "ADT") and Sim-G answers the allegations in the Complaint as follows:

1. Sim-G is without sufficient knowledge to admit or deny this paragraph, therefore it is denied.

2. Denied, Sim-G is a limited liability company not a corporation.

**JURISDICTION AND VENUE**

3. Admitted.

4. Admitted.

**STATEMENT OF THE CLAIM**

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied. ADT did not perform its obligations under this contract in accordance

with its terms and failed to complete work in a timely manner.

9. Denied.

10. Denied, Sim-G has paid for the services actually rendered by ADT which were substantially less than the amount claimed.

## COUNT ONE
### (Breach of Contract)

11. Sim-G incorporates its answers to paragraphs 1-10 as though fully set forth herein.

12. Sim-G entered into an agreement with ADT requiring its performance. All further allegations in this paragraph are denied.

13. Denied.

14. Sim-G admits that it has only provided partial payment pursuant to the contract because it did not receive the goods, services, advice and equipment for which it contracted. Therefore, the allegations in paragraph 14 are denied.

15. Denied, ADT actions or lack thereof, are the basis for the breach of the contract.

16. Denied.

WHEREFORE, Sim-G asks that Count One of the Complaint be dismissed with prejudice.

## COUNT TWO
### (Quantum Meruit)

17. Sim-G incorporates its answers to paragraphs 1-16 as though fully set forth herein.

18. Denied.

19. Denied.

20. Denied.

WHEREFORE, Sim-G asks that Count Two of the Complaint be dismissed with prejudice.

## COUNT THREE
### (Unjust Enrichment)

21. Sim-G incorporates its answers to paragraphs 1-20 as though fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

WHEREFORE, Sim-G asks that Count Three of the Complaint be dismissed with prejudice.

WHEREFORE, having fully answered, Sim-G moves that the Complaint be dismissed with prejudice and that it be awarded it costs and attorneys' fees expended herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statue of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff was the first to breach this contract because of its nonperformance thereof.  Such breach by the Plaintiff relieves the Defendant of its duty to continue to perform under the contract.

- 4 -

### FIFTH AFFIRMATIVE DEFENSE

Defendant has legitimate setoffs because of the Plaintiff's failure to perform which are in excess of the amount claimed by the Plaintiff.

### COUNTERCLAIM

Sim-G Technologies, LLC, ("Sim-G") by counsel, files its Counterclaim against Plaintiff ADT Security Services, Inc. ("ADT") pursuant to Rule 13 of the Federal Rules of Civil Procedure.

### FACTS

1.    The parties entered into a purchase order agreement in the early part of 2004 to replace the fire alarm systems at the Iowa Army Ammunition Plant in Middletown, Iowa. This contract became operative upon notification by the Department of the Army that Sim-G was authorized to proceed with the contract. The purchase order requires ADT to perform as follows:

> 1)    Provide fire alarm equipment and programming in accordance with the plans and specifications of the project. Included with the equipment shall be equipment placement drawings, testing, system certification and check out and close-out documentation. The equipment shall include the central station receiving equipment and local fire alarm for each facility.
>
> The close-out documentation shall include the as-built drawings (both hard copy and electronic media) and appropriate NFPA Record of Completion documentation.)

2.    On April 8, 2004, the Department of the Army notified Sim-G that they could proceed with the installation of the alarm equipment at the Middletown, Iowa facility.

3.    Work on the project was initiated shortly thereafter and immediate difficulties developed with ADT's performance.

4.    The agreement, in addition to the supplying of alarm equipment, required ADT to provide personnel to place the equipment and install the same. ADT did not have personnel

capable of providing the services which it agreed to provide.

5. As a result of ADT's failure to provide trained personnel capable of performing the tasks required, Sim-G was compelled to hire third parties to do the work at its own expense.

6. In addition, ADT continually failed to deliver parts including bubble explosive covers, fire alarm equipment, back boxes and batteries as required under the contract, in a timely fashion.

7. ADT also failed to provide as-built drawings as specified in the contract and failed to provide the required engineering submittals in a timely fashion. Much of this work required to have been performed by ADT was actually performed at the direction of Sim-G.

8. Sim-G paid ADT for work and equipment supplied on this contract well in excess of $1,500,000.

9. The project was completed mid-year 2006.

10. As a result of ADT's failure to perform as required by the agreement between the parties, Sim-G was forced to provide third parties to perform the contract at great expense.

11. In addition, ADT's failure to provide timely delivery of parts resulted in Sim-G being assessed delay damages and additional administrative costs.

12. As a further result of ADT's failure to perform in accordance with the terms of the contract, Sim-G suffered a negative impact on its ranking with the government as a qualified contractor for Defense Department projects.

## COUNT I
**(Breach of Contract)**

13. Sim-G incorporates by reference its allegations in paragraphs 1 through 12 as though fully set out herein.

14. As result of ADT's failure to perform the contract in accordance with its terms

- 6 -

and conditions.  Sim-G has been damaged by ADT's material breach of the contract.

WHEREFORE, Sim-G Technologies, LLC, demands judgment against ADT in the amount of $350,000 plus prejudgment interest and costs.

Dated: May 8, 2008                                SIM-G TECHNOLOGIES, LLC


                                                                /s/
Jerry William Boykin (DCB # 22020)
jboykin@wcsr.com
Womble Carlyle Sandridge & Rice, PLLC
8065 Leesburg Pike, Fourth Floor
Vienna, VA  22182
Telephone:    (703) 790-3310
Facsimile: (703) 918-2253

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of May, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Steven R. Freeman
Freeman, Wolfe & Greenbaum, P.A.
409 Washington Ave., Suite 300
Towson, MD 21204

/s/
Jerry William Boykin